November 19, 1906.

————————

No. 4045.

(Court of Appeal, Parish of Orleans.)

WILLIAM GRAEFF ET ALS vs. WIDOW CATHERINE GRAEFF.

1. Where the community of acquets and gains is dissolved by the death of the wife, the respective interests of the surviving husband and of the deceased wife attach at the moment of its dissolution to the property of the community, subject to the payment of the community debts.
2. For the enforcement of the rights so acquired by the heirs, it is not necessary that the community should have been liquidated previously.
3. Property purchased during the marriage is presumed to belong to the community, and the wife must show *dehors* the act of purchase that the property was acquired with her separate funds.

4. Where the administration of a succession has been closed by the distribution of the funds and the heirs of the deceased sue to recover property, said succession cannot be reopened so as to bring said property under administration. The heirs are entitled to the property by inheritance, subject to the pursuit of succession creditors having valid, existing claims.

Appeal from Civil District Court, Division D.

Geo. Montgomery, for plaintiffs and appellees.

H. L. Garland for defendant and Geo. W. Flynn for warrantor appellant.

DUFOUR, J. The plaintiffs, sole heirs of their deceased father and mother, sue their father's widow, his wife by second marriage, for an undivided three-fourths interest in certain real estate.

The property in question was acquired in 1868 during the first community, the plaintiffs' mother died in 1878 and their father's marriage with the defendant took place in January, 1879.

The property was sold under execution of a judgment against the father on September 19th, 1879, and was adjudicated to Peter Blaise, who, in 1880, sold it to the defendant.

The plaintiff's contention is that the judicial sale could not legally be made for more than half of the property, as the other half vested in them at their mother's death, and that the sale made during the second community vested one-half of the other half in their father, to whose rights they succeeded at his death in 1902.

The defense urges the acquisition of the property by defendant with her own separate and paraphernal funds, the prescriptions of 5, 10 and 20 years, estoppel, and, further that, if the property does not belong to her, she is entitled to the $1000.00 allowed by law to the widow in necessitous circumstances. Upon objection, the district judge correctly ruled that the two defences were inconsistent and the defendant elected to stand on the first.

Though it has been held that the property of the community may be validly seized after the wife's death for community debts without making her heirs parties (26 An. 294), it has equally been held that in the absence of evidence that the

69

community was indebted, the presumption is that no debt existed (9 R. 78).

In the leading case of Tugwell vs. Tugwell, the Supreme Court reviewed all the cases on this point and stated its conclusion as follows:

"To set at rest this vexed question, we distinctly announce that, construing the articles of the Code upon this subject in accordance with what we conceive to be their plain and express language, we held that where the community of acquets and gains is dissolved by the death of the wife, the respective interests of the surviving husband and of the deceased wife attach at the moment of its dissolution to the property of the community, subject to the payment of the community debts." 32 An. 848. And in the affirmance of that doctrine, in 33 An. 584, it was said that "for the enforcement of the rights so acquired by the heirs it is not necessary that they should have been recognized or the community liquidated previously."

The record in the case in which execution issued was not produced and there is nothing to show that the debt upon which the judgment was rendered was a community debt; it follows that the seizure of the wife's interest was illegal and did not divest the interest of her heirs, who are clearly entitled to recover it in this proceeding. The defendant's purchase of this property from Blaise was during her marriage with plaintiff's father; it is therefore presumed to be community property, and the wife must show *dehors* that act of purchase, that the property claimed by her and acquired during the community was acquired with her separate funds. She and another witness testify that she had money earned as a seamstress; her brother testifies that in 1880 he loaned or gave her $100.00, but does not know what she did with the money. It is stated by others that, at the time of the purchase, she was poor and needy and that she had said she would not marry Graeff unless he put the property in her name. In a letter written by her after an unsuccessful attempt to sell the property in 1904, she admits that the plaintiffs are entitled to their father's share. Our appreciation of the evidence has confirmed the conclusion of the district judge that the defendant has failed to re-but the presumption that the property belonged to the community.

70

Although not warranted by any allegation in her answer, the defendant was allowed, over the plaintiffs' objection, to offer a sheriff's deed of sale of date January, 1906 of Graeff's interest to one G. P. Garland under an order of the District Court of the Parish of St. Tammany. This sale cannot affect the rights of plaintiffs. In 1902, without their co-operation, their father's succession was opened in St. Tammany, an inventory was taken, the movables and certain real estate in that Parish were sold, an account was filed and the funds were distributed. The matter rested until this suit was filed, and the administratrix, a friend of defendant, suddenly discovered that there was property in New Orleans, and there were other debts, and prayed for the sale which culminated into Garland's title.

In Succ. of Aronstein, 51 An. 1052, it was held that where the administration of a succession has been closed by the distribution of the funds and the heirs of the deceased sue to recover property, said succession cannot be reopened so as to bring said property under administration. The heirs are entitled to the property by inheritance, subject to the pursuit of succession creditors having valid, existing claims.

The law is clearly with the plaintiffs, and so far as the facts of the case go, we may add that they evidence a deliberate, though clumsy attempt, on the part of defendant to obtain an unfair advantage and to defeat the legitimate rights of the plaintiffs.

The district judge allowed plaintiffs three-fourths of the revenues since Graeff's death in 1902 subject to a credit of three-fourths of the cost of insurance, taxes and repairs paid by defendant. Though the word "taxes" does not appear in the judgment, they were taken into consideration in the amount allowed. The defendant's evident bad faith excludes consideration of the pleas of estoppel and prescription.

Judgment affirmed.

November 19, 1906.

Rehearing refused December 3, 1906.